UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20468-CR-LENARD

UNITED STATES OF AMERICA

v.

STEVEN LAMAR COOK.
_____/

## ORDER GRANTING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) (D.E. 237)

**THIS CAUSE** is before the Court on Defendant Steven Lamar Cook's Unopposed Motion for 18 U.S.C. § 3582(c)(2) Sentence Reduction, ("Motion," D.E. 237), filed on September 16, 2015, seeking a sentence reduction from a term of 136 months' imprisonment to a term of 109 months' imprisonment. The basis of the Motion is Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."), which modified U.S.S.G § 2D1.1(c)'s Drug Quantity Table to reduce the base offense levels for most federal drug trafficking crimes by two levels. See United States v. Estanislao, 94 F. Supp. 3d 1264, 1265 (M.D. Fla. 2015). The Court held a hearing on the Motion on October 15, 2015, and based upon the Motion and the record, the Court finds as follows.

### I.     Background

Between May 25, 2012 and June 7, 2012, Defendant purchased six kilograms of cocaine from an FBI source. (See Indictment, D.E. 34; Presentence Investigation Report ("PSI") ¶ 11.) On June 21, 2012, the Grand Jury returned a two-count Indictment against Defendant and three co-conspirators for their roles in the transaction. (D.E. 34.) On July

27, 2012, pursuant to a plea agreement, Defendant pled guilty to Count 1 of the Indictment, which charged him with conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846.[1]  (See D.E. 73.)  The statutory minimum sentence for this offense is 10 years' (120 months') imprisonment. See 21 U.S.C. § 841(b)(1)(A)(ii).

The PSI calculated Defendant's Guideline range at 151 to 188 months based on a total offense level of 33 and a criminal history category of II.  (Id. ¶ 72.)  Specifically, Defendant's offense level was calculated as follows:

| | |
|---|---|
| Base offense level: | 32 |
| U.S.S.G. § 2D1.1(b)(1)[2]: | +2 |
| U.S.S.G. § 3B1.1(c)[3]: | +2 |
| U.S.S.G. § 3E1.1(a)[4]: | -2 |
| U.S.S.G. § 3E1.1(b)[5]: | -1 |
| **Total Offense Level:** | **33** |

---

[1] In exchange for pleading guilty to Count 1, the Government agreed to dismiss Count 2 of the Indictment, which charged Defendant and his co-conspirators with possession with intent to distribute five kilograms or more of cocaine, in violation of 18 U.S.C. § 841(a)(1). (See Plea Agreement, D.E. 75 ¶ 1.)

[2] U.S.S.G. § 2D1.1(b)(1) advises a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed[.]"

[3] U.S.S.G. § 3B1.1(c) advises a two-level enhancement "[i]f the defendant was an organizer, leader, manager, or supervisor" of the conspiracy.

[4] U.S.S.G. § 3E1.1(a) advises a two-level decrease "[if] the defendant clearly demonstrates acceptance of responsibility for his offense[.]"

[5] U.S.S.G. § 3E1.1(b) provides for a third level off upon the government's motion if "the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently[.]"

With respect to Defendant's criminal history, the PSI details that on June 15, 1990, a jury found Defendant guilty of: (1) conspiracy to possess with intent to distribute cocaine, cocaine base, marijuana, and heroin in violation of 18 U.S.C. § 846; (2) possession with intent to distribute 25.6 grams of cocaine base, in violation of 18 U.S.C. § 841(a)(1); and (3) use of a communication device to facilitate a cocaine distribution conspiracy, all in violation of 21 U.S.C. § 843.  (Id. ¶ 44.)  For these crimes, Defendant was sentenced to 235 months' imprisonment to be followed by five years of supervised release.  (Id.) Defendant was released from prison on August 18, 2006 and placed on supervised release in the Southern District of Georgia.  (Id.)  His term of supervised release expired on August 17, 2011.  (Id.)

On October 15, 2012, the Government, in this case, moved under U.S.S.G. § 5K1.1 for a 15% reduction in Defendant's sentence for providing substantial assistance to the Government in its prosecution of the charged conspiracy.  (D.E. 100.)

At the October 15, 2012 sentencing hearing, the Court adopted the PSI's guideline calculation and, after considering the factors set forth in 18 U.S.C. § 3553(a), determined that a sentence of 170 months was appropriate.  (See Tr. of Sentencing Hr'g, D.E. 165 at 20-22.)  The Court also granted the Government's 5K1.1 Motion, finding that a 20% reduction was appropriate.  (See id. at 18, 20-22.)  Applying the 20% reduction to the 170-month calculation, the Court imposed a sentence of 136 months' imprisonment, followed by eight years of supervised release, and a $100 special assessment.  (See id. at 22; Judgment, D.E. 104.)

3

On September 16, 2015, Defendant filed the instant Motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction based upon Amendment 782 to the Sentencing Guidelines. (D.E. 237.) He seeks a sentence reduction to 109 months' imprisonment. (Id. at 1.) The Government does not oppose the Motion. (See id. at 1.)

**II.   Discussion**

In his Motion, Defendant seeks a sentence reduction from 136 months' imprisonment to 109 months' imprisonment pursuant to 18 U.S.C. § 3582(c)(2). (Mot. at 3.) Defendant's original guideline range was 151 to 188 months' imprisonment. (See Tr. of Sentencing Hr'g, D.E. 165 at 20-22.) The Court found that a sentence at the middle of that guideline range—170 months—was appropriate. (See id.) It then granted the Government's 5K1.1 Motion and reduced the 170-month calculation by 20% to arrive at the 136-month sentence. (Id. at 22.) Defendant argues that "all else being equal," his new guideline range is 121 to 151 months' imprisonment, a sentence at the middle of that range is 136 months, and a 20% reduction from that calculation is approximately 109 months. (Mot. at 3.) Thus, in his Motion, he seeks a sentence of 109 months' imprisonment. (See id.)

However, the mandatory minimum sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine is 120 months' imprisonment. See 21 U.S.C. § 841(b)(1)(A)(ii). At a status hearing on Defendant's Motion, the Court raised the issue of whether, in light of Melendez v. United States, 518 U.S. 120, 122 (1996), the Court was authorized to depart below the mandatory minimum under U.S.S.G. § 1B1.10(c) when the Government had previously filed a substantial assistance motion

4

solely under U.S.S.G. § 5K1.1 and not under 18 U.S.C. § 3553(e).[6]  Section 1B1.10(c) states:

> Cases Involving Mandatory Minimum Sentences and Substantial Assistance.—If the case involves a statutorily required minimum sentence <u>and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities</u>, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).

U.S.S.G. § 1B1.10(c) (emphasis added).

Although the Government moved for (and Defendant received) a sentence reduction for substantial assistance under U.S.S.G. § 5K1.1, (<u>see</u> D.E. 100), it did not move under 18 U.S.C. § 3553(e) for a sentence below the mandatory minimum. Section 5K1.1 provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, <u>the court may depart from the guidelines</u>." U.S.S.G. § 5K1.1 (emphasis added). Section 3553(e) provides that "[u]pon motion of the Government, <u>the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence</u> so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e) (emphasis added). In <u>Melendez</u>, the Supreme Court held that a Section 5K1.1 substantial assistance motion to depart below the minimum of the Guideline range

---

[6] When the Court raised this issue at the status hearing, defense counsel agreed that the Court was not authorized to impose a sentence below the statutory minimum. (<u>See</u> Minute Entry, D.E. 243.)

does not also permit a district court to depart below a statutory minimum sentence. 518 U.S. at 122. Rather, Section 3553(e) "requires a Government motion requesting or authorizing the district court to 'impose a sentence below a level established by statute as minimum sentence' before the court may impose such a sentence." Id. 125-26 (1996). Because the Government did not file a Motion under Section 3553(e) requesting or authorizing the Court to impose a sentence below the statutory minimum, the Court was not authorized to sentence Defendant below the mandatory minimum. See id. Consequently, the finds that Defendant is not entitled to the 109-month prison sentence requested in his Motion.

While Defendant is not entitled to a sentence below the statutory minimum, he may nevertheless be entitled to a sentence reduction under 18 U.S.C. § 3582(c), which provides that if

> a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus, a proceeding under Section 3582(c)(2) involves two steps: first, the Court must determine whether the defendant is eligible for a reduction under the statute, and second, whether a reduction is appropriate after considering the factors set forth in 18 U.S.C. § 3553(a). See Dillon v. United States, 560 U.S. 817, 826 (2010).

With respect to the first step, Defendant argues that he is eligible for a reduction under Amendment 782. (Mot. at 2.)

6

> In April 2014, the United States Sentencing Commission ("Commission") promulgated and submitted to Congress Amendment 782 to the United States Sentencing Guidelines, which reduced the sentencing guidelines for most federal drug trafficking offenders. Specifically, Amendment 782 reduced by two levels the offense levels in USSG § 2D1.1(c)'s Drug Quantity Table. In July 2014, the Commission promulgated Amendment 788 and amended USSG § 1B1.10, which made Amendment 782 retroactive (effective November 1, 2014) but delayed until November 1, 2015 the effective date for orders reducing prison terms based on Amendment 782.

United States v. Espinoza, 92 F. Supp. 3d 1210, 1211 (M.D. Fla. 2015). Amendment 782 reduced the base offense level for trafficking in five or more kilograms of cocaine from 32 to 30. See U.S.S.G. § 2D1.1(c)(5). Defendant's original guideline range, after applying the enhancements and reductions to the base offense level of 32, was 151 to 188 months' imprisonment (based on a total offense level of 33 and a criminal history category of II). (See PSI ¶ 72.) Defendant's new guideline range, after applying the same enhancements and reductions to the amended base offense level of 30, is 121 to 151 months' imprisonment (based on a total offense level of 31 and a criminal history category of II). Accordingly, because Defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the Court finds that Defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

With respect to the second step, after considering the factors set forth in Section 3553(a), the Court finds that a sentence reduction to 130 months' imprisonment is appropriate. The facts and circumstances of this case involve a transaction of six kilograms of cocaine in which Defendant was integrally involved. (PSI ¶ 11.) Further,

Defendant's criminal history points arise from prior convictions for trafficking in cocaine and cocaine base. (Id. ¶ 44.) For those crimes, Defendant was sentenced to 235 months' imprisonment and five years' supervised release, which expired on August 17, 2011. (Id.) The offense conduct in this case began on May 25, 2012—less than one year after Defendant's supervised release expired. (Indictment at 1.) Accordingly, in order to reflect the seriousness of the offense, to promote respect for the law, to provide a just punishment, to afford adequate deterrence, and to protect the public from further crimes of Defendant, the Court finds that a sentence of 130 months is appropriate.

### III.   Conclusion

In sum, although the Government's 5K1.1 Motion authorizes the Court to depart below the guideline range to the statutory minimum of 120 months, after consideration of the Section 3553(a) factors the Court finds that a sentence of 130 months is appropriate. All other provisions of the original Judgment and Commitment Order shall remain in full force and effect. Accordingly, it is **ORDERED AND ADJUDGED** that:

1.  Defendant Steven Lamar Cook's Unopposed Motion for 18 U.S.C. § 3582(c)(2) Sentence Reduction is **GRANTED** consistent with this Order; and

  **2.**  Defendant's previously-imposed sentence of 136 months' imprisonment is reduced to 130 months' imprisonment.

**DONE AND ORDERED** in Chambers at Miami, Florida this 5th day of November, 2015.

              _____
              **JOAN A. LENARD**
              **UNITED STATES DISTRICT JUDGE**